COURT OF CRIMINAL APPEALS
AUSTIN. TEXAS

25,679-24

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 14 2015

Abel Acosta, Clerk

Abel Acosta,
     (CCA), Clerk

RE: In re Arthur David Lowe. CAUSE No. 659156-B.
     Enclosed herein with. Relator's 'MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS.' with official records.
     Please file the [same] and present to the court for consideration.
     This missive also, being filed with this 'MOTION', the [same] has been delivered by U.S. Mail Postal Service to: CHRIS DANIEL, HARRIS COUNTY, DISTRICT CLERK. P.O. BOX 4651. HOUSTON, TEXAS 77210-4651.
     To be filed process to the Honorable Judge Maria T. (TERRI) JACKSON. service of the actions taken in the COURT OF CRIMINAL APPEALS. 'MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS.'
     I. truly appreciate your consideration... THANK YOU... May GOD bless You. your Family and Friends.

HONORABLE: MARIA T. (TERRI) JACKSON
     JUDGE        339TH JUDICIAL DISTRICT COURT.

Sincerely
Arthur Lowe
ARTHUR LOWE #669750
HUGHES UNIT.
RT. 2. BOX 4400
GATESVILLE, TEXAS
76597



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

Direct Dial Line:

ARTHUR LOWE #669750
HUGHES UNIT
RT. 2. BOX 4400
GATESVILLE, TX 76597

**Memorandum response to correspondence received:** <u>04/14/14</u>

Re:  Cause No(s) <u>065915601010 & 065915401010.</u>

Dear <u>MR. LOWE,</u>

☒   Your motion/request <u>NUNC PRO TUNC</u> was filed with the District Clerk and on <u>04/21/14</u> the Court:

☐ Took no action     ☐ Denied your Motion/Request     ☒ Granted your motion/request

☐ Took action     ☐ Advised attorney of record     ☐ Other

☒   Other:  <u>PLEASE FIND ATTACHED A COPY OF THE CORRECTED JUDGMENT AND SENTENCE. ALSO, OUR RECORDS HAVE BEEN CORRECTED TO REFLECT 2ND DEGREE FELONY - AGGRAVATED KIDNAPPING RELEASE VICTIM IN A SAFE PLACE.</u>

CHRIS DANIEL, District Clerk

By:   L. GUEVARA
Clerk in the 339TH District Court

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

SUPERSEDED BY NUNC PRO TUNC ENTRY DATED 4/21/14

NO. 659156

THE STATE OF TEXAS
VS.

IN THE 339th DISTRICT
COURT OF HARRIS COUNTY, TEXAS

Arthur David Lowe

Change of Venue From: N/A

**JUDGMENT ON JURY VERDICT OF GUILTY - PUNISHMENT FIXED BY COURT OR JURY**

Judge Presiding: Caprice Cosper

Date of Judgment: October 27, 1993

Attorney for State: Dan Rizzo

Attorney for Defendant: Jim Rust [ ] Waived Counsel

Offense: Aggravated Kidnapping

Degree: 1st

Date Offense Committed: March 4, 1993

Charging Instrument: Indictment/~~Information~~

Plea: Not Guilty

Jury Verdict: Guilty

Foreman: David L. Phillips

Plea to Enhancement Paragraph(s): Not true

Findings on Enhancement: True

Affirmative Findings: (Circle appropriate selection – N/A = not available or not applicable)
DEADLY WEAPON: Yes | No | (N/A)   FAMILY VIOLENCE: Yes | No | (N/A)   HATE CRIME: Yes | No | (N/A)

Date Sentence Imposed: October 28, 1993   Costs: $134.50   Punishment Assessed by: The Jury

Punishment and Place of Confinement: Life Imprisonment TDCJID   Ø

Date to Commence: October 28, 199_

Time Credited: 232 days

Total Amount of Restitution/Reparation/Reward: N/A

Concurrent Unless Otherwise Specified: /

Restitution/Reward to be Paid to:
Name:
Address:

Statement of Amount of Payment(s) required/Terms of Amount:

This cause being called for trial, the State appeared by the above named attorney, and the defendant appeared in person in open court, the above named counsel for Defendant also being present, or where a defendant is not represented by counsel, the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel as indicated above, and the said Defendant having been duly arraigned and it appearing to the Court that Defendant was mentally competent and having pleaded as shown above to the charging instrument, both parties announced ready for trial and thereupon a jury, to-wit, the above named foreman and eleven others was duly selected, impaneled, and sworn, the jury having heard the charging instrument read and the Defendant's plea thereto and having heard the evidence submitted and having been duly charged by the Court, retired in charge of the proper officer to consider the verdict, and afterward were brought into Court by the proper officer, the Defendant and defendant's counsel, if any, being present, and returned into open court the verdict set forth above, which was received by the Court and is here now entered upon the minutes of the Court as shown above.

On October 28, 19 93, the Defendant having previously elected to have punishment assessed by the above shown assessor of punishment, and when shown above that the charging instrument contains enhancement paragraph(s), which were not waived and alleges Defendant to have been convicted twice previously of any felony or offenses for the purpose of enhancement of punishment, the Court asked Defendant if such allegations were true or false and Defendant answered as shown above. And when Defendant is shown above to have elected to have the jury assess punishment, such jury was called back into the box and heard evidence relative to the question of punishment and having been duly charged by the Court, they retired to consider such question and after having deliberated they returned into Court the verdict shown under punishment above; and when Defendant is shown above to have elected to have punishment fixed by the Court, in due form of law further evidence was heard by the Court relative to the question of punishment and the Court fixed punishment of the Defendant as shown above.

IT IS, THEREFORE, CONSIDERED AND ORDERED by the Court, in the presence of the Defendant, that the said judgment be and the same is hereby in all things approved and confirmed, and that the Defendant is adjudged guilty of the offense set forth above as found by the verdict of the jury, and said Defendant be punished in accordance with the Jury verdict or the Court's finding, as shown above and that the Defendant is sentenced to a term of imprisonment or fine or both, as set forth above, and that the said Defendant be delivered by the Sheriff to the Director of the Texas Department of Criminal Justice, Institution Division, or other person legally authorized to receive such convicts for the punishment assessed herein, and the said Defendant shall be confined for the above named term in accordance with the provisions of law governing such punishments and execution may issue as necessary. Further, the court finds the Presentence Investigation, if so ordered, was done according to the applicable provisions of Art. 42.12, Sec. 9, Code of Criminal Procedure.

AND the said Defendant was remanded to jail until said Sheriff can obey the directions of this judgment.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

Plea Before Jury - Court/Jury Assessing Punishment
CRM-4   R10-07-93

Page 1

Certified Document Number: 60519986 - Page 1 of 5

Certified Document Number: 60519986 - Page 2 of 5

** TO BE COMPLETED ONLY WHEN IMPOSITION OF SENTENCE SUSPENDED AND DEFENDANT GRANTED PROBATION.

**[ ] On this the _____ day of _____, 19_____ imposition of this sentence is suspended and

defendant is placed on Adult Probation for _____ years pending his abiding by and not violating the terms and conditions of probation,

approved by this court and attached as a part of this judgment herewith.

659156

## BILL OF COSTS

LC(D)T

Payment Type:_____ (S, I, D, M or L:)  (NOTE: If "I" or "D" see attached order)
Jail Time: _____ __ H/D/M/Y  CC: Y/N ___ Y=Yes  N=No (jail/fine/cost concurrent)
Time Assessed Texas Department of Criminal Justice, Institutional Div.:_____ __ D/M/Y
Jail Credit: _____ __ H/D/M/Y      Sentence to Begin Date: _____
Jail as a Term of Probation:_____ __ H/D/M/Y  Additional Jail Credit:_____ __ H/D/M/Y
Payable on or Before: _____  PLO: _____  Reward SPN: _____  COC:_____
_____ Hours of Sentence to be Served by Performing Community Service
Defendant to Serve Sentence by Electronic Monitoring?  (Y or N): _____
NOTE TO SHERIFF:_____

| | | | | | |
|---|---|---|---|---|---|
| Transcript at:_____ Pages......... | | | Crime Stoppers Fee......... | 2 | 00 |
| Serving Capias: 01 /Summons:.... | | 75 00 | Jury Fee.................. | 20 | 00 |
| Summoning 05 witness/Mileage........ | | 25 06 | CJPF..................... | 20 | 00 |
| Jury Fee................ | | 5 00 | LEOSEF.................. | 1 | 50 |
| Taking: _____ Bonds....... | | | CVCF.................... | 20 | 00 |
| Commitment............... | | 5 | DCLCF................... | | |
| Release................. | | 5 | JCTF.................... | 1 | 00 |
| Attachment............... | | | Video Fee............... | | |
| Arrest W/O Warrant/Capias........... | | | DWI Evaluation Fee...... | | |
| ------------ RECAPITULATION ------- | | | Reward Repayment........ | | |
| Fine Amount............. | | | Security Fee............ | 5 | 00 |
| Miscellaneous Costs...... | | | Records Preservation Fee. | 10 | 00 |
| Judicial Fund Fee........ | | | ACCA................... | | |
| Special Expense.......... | | | Financial Responsibility. | | |
| Trial Fee............... | | | PTR Fee................. | | |
| District Attorney Fee.... | | | Attorney Fee........... | | |
| Clerk's Fee............. | | 40 00 | Breath Alcohol Testing... | | |
| Sheriff's Fees (Total)...... | | 30 00 | Rehabilitation Fund...... | | |
| Misdemeanor Costs........ | | | Amount Probated/Waived... | 134 50 |
| MAP Traffic Costs........ | | | TOTAL AMOUNT OWED........ | 204 00 |

Signed and entered this the 28 day of October A.D., 19 93.

Notice of Appeal: 10-28 19 93 _____
                                      PRESIDING JUDGE

Probation Expires: _____ 19___

Mandate Received: June 28 19 95 Affirmed - 1st Court of Appeals

After Mandate Received, Sentence to Begin Date is: October 28, 1993 with 232 days credit

(Check ONLY if Applicable)
[ ] Defendant to be placed in the "S.A.I.P." (Boot Camp) program in the Texas Department of Criminal Justice, Institutional Division persuant to Art. 62.03 (c)-9 Revised Statutes/Article 42.12, Section 8, C.C.P.

Received on _____ day of _____, A.D., 19___ at _____ o'clock___M.

Sheriff, Harris County, Texas

By: _____ Deputy

18 alm 999 alb
Entered 04 alm 979
Verified_____

Defendant's
Right Thumbprint

CRM-4 R10-07-93                    -2-

THE STATE OF TEXAS
VS.
ARTHUR DAVID LOWE SPN 00227697
5771 OVERDALE DOB BM/12-9-60
HOUSTON, TEXAS 77033
FELONY CHARGE:
AGGRAVATED KIDNAPPING
CAUSE NO:659156
HARRIS COUNTY
DISTRICT COURT NO:339TH

DATE PREPARED:4-22-93 BY:4-22-93 DA NO:334
AGENCY:WEST U O/R NO:1930127
NCIC CODE:1007-10 ARREST DATE:_____
RELATED CASES:
 2 OTHER FELONIES THIS DEF
D.A. LOG NO. 23368
CIJS NO.
BAIL $ NO BOND
PRIOR CAUSE NO:_____

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, ARTHUR DAVID LOWE, hereafter styled the Defendant, heretofore on or about MARCH 4, 1993, did then and there unlawfully, intentionally and knowingly abduct TANYA MILLER LODEN, hereafter styled the Complainant, without her consent, with intent to prevent her liberation by secreting and holding the complainant in a place where the Complainant was not likely to be found and with intent to facilitate the commission of a felony, namely aggravated robbery.

Before the commission of the offense alleged above (hereafter styled the primary offense), on January 23, 1979, in Cause No. 283709, in the 228th District Court of Harris County, Texas, the Defendant was convicted of the felony of indecency with a child.

Before the commission of the primary offense, and after the conviction in Cause No. 283709 was final, the Defendant committed the felony of burglary of a building and was convicted on July 28, 1988, in Cause No. 507052, in the 183rd District Court of Harris County, Texas.

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

177th          Foreman

_____
FOREMAN OF THE GRAND JURY

INDICTMENT/ORIGINAL

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

NO. 659156

THE STATE OF TEXAS
VS.

IN THE 339th DISTRICT

COURT OF HARRIS COUNTY, TEXAS

Arthur David Lowe

Change of Venue From: N/A

**JUDGMENT ON JURY VERDICT OF GUILTY – PUNISHMENT FIXED BY COURT OR JURY**

Judge Presiding: Caprice Cosper        Date of Judgment: October 22, 1993

Attorney for State: Dan Rizzo        Attorney for Defendant: Jim Rust [ ] Waived Counsel

Offense: Aggravated Kidnapping

Degree: 1st        Date Offense Committed: March 4, 1993

Charging Instrument: Indictment/~~Information~~        Plea: Not Guilty

Jury Verdict: Guilty        Foreman: David L. Phillips

Plea to Enhancement Paragraph(s): Not true        Findings on Enhancement: True

Affirmative Findings: (Circle appropriate selection – N/A = not available or not applicable)
DEADLY WEAPON: Yes |No |(N/A)     FAMILY VIOLENCE: Yes |No |(N/A)     HATE CRIME: Yes |No |(N/A)

Date Sentence Imposed: October 28, 1993   Costs: $134.50        Punishment Assessed by: The Jury

Punishment and Place of Confinement: Life Imprisonment TDCJ-ID        Fine: ∅        Date to Commence: October 28, 199-

Time Credited: 232 days        Total Amount of Restitution/Reparation/Reward: N/A

Concurrent Unless Otherwise Specified: _____

Restitution/Reward to be Paid to:
Name: _____
Address: _____

Statement of Amount of Payment(s) required/Terms of Amount: _____

This cause being called for trial, the State appeared by the above named attorney, and the defendant appeared in person in open court, the above named counsel for Defendant also being present, or where a defendant is not represented by counsel, the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel as indicated above, and the said Defendant having been duly arraigned and it appearing to the Court that Defendant was mentally competent and having pleaded as shown above to the charging instrument, both parties announced ready for trial and thereupon a jury, to-wit, the above named foreman and eleven others was duly selected, impaneled, and sworn, the jury having heard the charging instrument read and the Defendant's plea thereto and having heard the evidence submitted and having been duly charged by the Court, retired in charge of the proper officer to consider the verdict, and afterward were brought into Court by the proper officer, the Defendant and defendant's counsel, if any, being present, and returned into open court the verdict set forth above, which was received by the Court and is here now entered upon the minutes of the Court as shown above.

On October 28, 19 93, the Defendant having previously elected to have punishment assessed by the above shown assessor of punishment, and when shown above that the charging instrument contains enhancement paragraph(s),

which were not waived and alleges Defendant to have been convicted twice previously of any felony or offenses for the purpose of

enhancement of punishment, the Court asked Defendant if such allegations were true or false and Defendant answered as shown above. And when Defendant is shown above to have elected to have the jury assess punishment, such jury was called back into the box and heard evidence relative to the question of punishment and having been duly charged by the Court; they retired to consider such question and after having deliberated they returned into Court the verdict shown under punishment above; and when Defendant is shown above to have elected to have punishment fixed by the Court, in due form of law further evidence was heard by the Court relative to the question of punishment and the Court fixed punishment of the Defendant as shown above.

IT IS, THEREFORE, CONSIDERED AND ORDERED by the Court, in the presence of the Defendant, that the said judgment be and the same is hereby in all things approved and confirmed, and that the Defendant is adjudged guilty of the offense set forth above as found by the verdict of the jury, and said Defendant be punished in accordance with the Jury verdict or the Court's finding, as shown above and that the Defendant is sentenced to a term of imprisonment or fine or both, as set forth above, and that the said Defendant be delivered by the Sheriff to the Director of the Texas Department of Criminal Justice, Institution Division, or other person legally authorized to receive such convicts for the punishment assessed herein, and the said Defendant shall be confined for the above named term in accordance with the provisions of law governing such punishments and execution may issue as necessary. Further, the court finds the Presentence Investigation, if so ordered, was done according to the applicable provisions of Art. 42.12, Sec. 9, Code of Criminal Procedure.

AND the said Defendant was remanded to jail until said Sheriff can obey the directions of this judgment.

Plea Before Jury – Court/Jury Assessing Punishment
CRM-4   R10-07-93        Page 1

STATE'S
EXHIBIT
A

**[ ] On this the _____ day of _____, 19_____ imposition of this sentence is suspended and

defendant is placed on Adult Probation for _____ years pending his abiding by and not violating the terms and conditions of probation,

approved by this court and attached as a part of this judgment herewith.

659156

LCB

## BILL OF COSTS

Payment Type:_____ (S, I, D, M or L:)    (NOTE: If "I" or "D" see attached order)
Jail Time: _____ __ H/D/M/Y  CC: Y/N ___  Y=Yes N=No (jail/fine/cost concurrent)
Time Assessed Texas Department of Criminal Justice,Institutional Div.:_____ __ D/M/Y
Jail Credit: _____ __ H/D/M/Y      Sentence to Begin Date: _____
Jail as a Term of Probation:_____ __ H/D/M/Y  Additional Jail Credit:_____ __H/D/M/Y
Payable on or Before: _____  PLO: _____  Reward SPN: _____  COC:____
_____ Hours of Sentence to be Served by Performing Community Service
Defendant to Serve Sentence by Electronic Monitoring?  (Y or N): _____
NOTE TO SHERIFF:_____

| | | | | | |
|---|---|---|---|---|---|
| Transcript at:_____ Pages....... | | | Crime Stoppers Fee........ | 2 | 00 |
| Serving Capias: 01 /Summons:_____ | 35 | 00 | Jury Fee................. | 20 | 00 |
| Summoning 05 Witness/Mileage........ | 25 | 06 | CJPF................... | 20 | 00 |
| Jury Fee.......................... | 5 | 00 | LEOSEF................ | 1 | 50 |
| Taking: _____ Bonds.............. | 5 | | CVCF.................. | 20 | 00 |
| Commitment..................... | 5 | | DCLCF................ | | |
| Release........................ | 5 | | JCTF................. | 1 | 00 |
| Attachment..................... | | | Video Fee............. | | |
| Arrest W/O Warrant/Capias....... | | | DWI Evaluation Fee.... | | |
| --------- RECAPITULATION --------- | | | Reward Repayment...... | | |
| Fine Amount.................... | | | Security Fee.......... | 5 | 00 |
| Miscellaneous Costs............ | | | Records Preservation Fee. | 10 | 00 |
| Judicial Fund Fee.............. | | | ACCA................. | | |
| Special Expense............... | | | Financial Responsibility. | | |
| Trial Fee..................... | | | PTR Fee.............. | | |
| District Attorney Fee......... | | | Attorney Fee......... | | |
| Clerk's Fee................... | 40 | 00 | Breath Alcohol Testing... | | |
| Sheriff's Fees (Total)........ | 30 | 00 | Rehabilitation Fund...... | | |
| Misdemeanor Costs............. | | | Amount Probated/Waived... | 134 | 50 |
| MAP Traffic Costs............. | | | TOTAL AMOUNT OWED........ | 204 | 63 |

Signed and entered this the 28 day of October A.D., 19 93.

Notice of Appeal: 10-28 19 93    _____
                                    PRESIDING JUDGE

Probation Expires: _____ 19___

Mandate Received: June 28 19 95  Affirmed - 1st Court of Appeals

After Mandate Received, Sentence to Begin Date is: October 28, 1993 with 232 days credit

(Check ONLY if Applicable)
[ ]  Defendant to be placed in the "S.A.I.P." (Boot Camp) program in the Texas Department of Criminal Justice, Institutional Division persuant to Art. 62.03 (c)-9 Revised Statutes/Article 42.12, Section 8, C.C.P.

Received on _____ day of _____, A.D., 19____ at _____ o'clock____M.

Sheriff, Harris County, Texas

By: _____ Deputy

18 alm 999 alt
Entered 04 alm 979
Verified_____

Defendant's
Right Thumbprint

Certified Document Number: 60519986 - Page 2 of 5



Cause No. <u>065915601010</u>

The State of Texas

v.

<u>LOWE, ARTHUR DAVID</u>

a/k/a _____

In the <u>339TH</u> District Court  or  County Criminal Court at Law No. _____
Harris County, Texas

ENTRY OF JUDGMENT NUNC PRO TUNC

Today, the Court held a hearing on

☐ the State's written motion for judgment nunc pro tunc.

☒ the Defendant's written motion for judgment nunc pro tunc.

☐ its own motion.

Satisfied from its own recollection and / or from the evidence presented the Court grants the motion and **ORDERS** entry of the following judgment in the minutes of the Court in the above styled and numbered case to make the following correction:

<u>1- OFFENSE FOR WHICH DEFENDANT CONVICTED SHOULD READ:</u>

<u>AGGRAVATED KIDNAPPING RELEASE VICTIM IN  A SAFE PLACE (100714)</u>

<u>2- DEGREE OF OFFENSE SHOULD READ: 2ND DEGREE FELONY.</u>

☒   If applicable, the judgment nunc pro tunc supersedes the erroneous judgment previously entered and attached.

Signed this date: April 21, 2014.

_____

Judge Presiding

Certified Document Number: 60519986 - Page 5 of 5



| THE STATE OF TEXAS | § | IN THE 339TH DISTRICT |
|---|---|---|
| | § | |
| V. | § | COURT |
| | § | |
| LOWE, ARTHUR DAVID | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX02465170 | § | |

## JUDGMENT OF CONVICTION BY JURY

| Judge Presiding: | HON. CAPRICE COSPER | Date Judgment Entered: | 10/22/1993 |
|---|---|---|---|
| Attorney for State: | DAN RIZZO | Attorney for Defendant: | JIM RUST |

Offense for which Defendant Convicted:

**AGGRAVATED KIDNAPPING RELEASE VICTIM IN A SAFE PLACE (100714)**

| Charging Instrument: INDICTMENT | Statute for Offense: N/A |
|---|---|

| Date of Offense: 3/4/1993 | |
|---|---|

| Degree of Offense: 2ND DEGREE FELONY | Plea to Offense: NOT GUILTY |
|---|---|

| Verdict of Jury: GUILTY | Findings on Deadly Weapon: N/A |
|---|---|

| Plea to 1st Enhancement Paragraph: | NOT TRUE | Plea to 2nd Enhancement/Habitual Paragraph: | NOT TRUE |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | TRUE | Findings on 2nd Enhancement/Habitual Paragraph: | TRUE |

| Punished Assessed by: JURY | Date Sentence Imposed: 10/28/1993 | Date Sentence to Commence: 10/28/1993 |
|---|---|---|

| Punishment and Place of Confinement: | **LIFE INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: $ N/A | Court Costs: $ 134.50 | Restitution: $ N/A | Restitution Payable to: ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |
|---|---|---|---|

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **N/A** .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| From | 3/12/1993 | to | 10/28/1993 | From | | to | |
|---|---|---|---|---|---|---|---|
| From | | to | | From | | to | |
| From | | to | | From | | to | |

Time Credited:

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**232 DAYS** NOTES: **TOWARD INCARCERATION, FINE, AND COSTS**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Harris County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

Certified Document Number: 60519986 - Page 3 of 5

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

**Punishment Assessed by Jury / Court / No election (select one)**

☒ **Jury.** *Defendant entered a plea and filed a written election to have the jury assess punishment.* The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☐ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, Institutional Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Harris County District Clerk's office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Harris County, Texas on the date the sentence is to commence. Defendant shall be confined in the Harris County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Harris County District Clerk's office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Harris County . Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence (select one)**

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

Furthermore, the following special findings or orders apply:

**Signed and entered on 10/28/13**

X _____
**CAPRICE COSPER**
JUDGE PRESIDING

Notice of Appeal Filed: **10/28/1993**

Mandate Received: **06/28/1995** Type of Mandate: **AFFIRMANCE- 1ST COURT OF APPEALS**

After Mandate Received. Sentence to Begin Date is: **10/28/1993**

Jail Credit: **232 DAYS CREDIT**

Def. Received on _____ at _____ ☐ AM ☐ PM

By: _____ , Deputy Sheriff of Harris County

Right Thumbprint

Clerk: **L GUEVARA**     EN/KR04: _____  LCBT: _____  LCBU: _____  EN/KR18: _____

Certified Document Number: 60519986 - Page 4 of 5

F--Conviction by Jury with TDC checklist_065915401010/3.docm     Page 2 of 3

CAUSE No.659156

IN RE ARTHUR DAVID LOWE        §    IN THE 339TH DISTRICT COURT
        Relator,

V.                              §    OF

MARIA T. (TERRI) JACKSON,       §    HARRIS COUNTY, TEXAS
339TH JUDICIAL DISTRICT COURT
HARRIS COUNTY, TEXAS.
        Respondent.

## MOTION FOR LEAVE TO FILE
## WRIT OF MANDAMUS

**TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:**

**NOW COMES,** Arthur David Lowe, [herein referred to as Relator], and submits this **'MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS'**. Seeking for this Honorable Court to compel the 339th District Court Judge presiding the Honorable 'Maria T. (Terri) Jackson. To Orally Pronounce Relator's Sentence in His Presence, and show the Court the following:

## I
## JURISDICTION

This Honorable Court of Criminal Appeals, has jurisdiction over the Pronouncement of sentence that occurs after an adjudiciation of guilt had been deferred. See **TEX.CODE CRIM. PROC. ANN. art. 42.03, §5(b).** The trial Court MUST pronuonce a Defendant's Sentence Orally in His presence. See **Taylor V. State,** 131 S.W. 3d 497, 500 (Tex. Crim. App. 2004)(citing **TEX.CODE CRIM. PROC. ANN.**

1

art. 42.03, §1(a)(Vernon 2006).

## II

Relator ("Lowe"), filed a 'MOTION' entitled...'MOTION REFORMA-TION AGGRAVATED KIDNAPPING JUDGMENT.' On [April 21, 2014], the trial Court [GRANTED], the 'Motion' and 'ORDERED' ['NUNC PRO TUNC'], hearing and 'ORDERED' the 'CORRECTION' of Relator's ['JUDGMENT AND SENTENCE']. To conform with the Jury's Actual Verdict on the 'SPECIAL ISSUE'. See TEX.PENAL CODE ANN. §20.04 (b) former and (d) of the current (Vernon 1993 & Supp. 2014);Hug-es V. State, 493 S.W. 2d 166, 170 (Tex. Crim. App. 1973)("A judg-ment may be reformed so as to show the offense of which the accu-sed was found guilty by the court or jury"). The trial Court in the instant case 'ORDERED' 'NUNC PRO TUNC', hearing and 'CORRECT-ED' Relator's 'JUDGMENT AND SENTENCE' from the Original trial Court's egregious entry in the 'Judgment And Sentenc' of ['1ST DEGREE AGGRAVATED KIDNAPPING'. See TEX.PENAL CODE ANN. §12.32(a) [First Degree punishment level..."no more than 'LIFE' or any term not more than 99-years...nor than 5-years] Id. See also TEX.PENAL CODE. ANN. 20.04(b) or (d)(Vernon 1993 & Supp. 2014);Williams V. State, 851 S.W. 2d 282 (Tex. Crim. App. 1993). However, the trial Court's actions Ordered 'CORRECTION' of Relator's 'JUDGMENT AND SENTENCE' [TO] [2ND DEGREE AGGRAVATED KIDGANPPING-RELEASE VICTIM IN A SAFE PLACE]. Which if proved by the preponderance of the evidence, is a Second Degree Felony Offense. See TEX.PENAL CODE

3

ANN. §20.04(b) or (d)(Vernon 1993 & Supp. 2014);See also **TEX.PENAL CODE ANN.** §12.33(a)(Vernon 1993 & Supp. 2014)[Second Degree punishment level..."no less than 2-year...nor more tha 20-years] **Id.**

IV

To be entitled to mandamus relief, the relator must demonstrate (1)'**that no other remedy at law exists,** and (2)'**that under the law and facts relevant to the case, the act sought to be compelled is purely ministerial.'** See **In re Rodriques,** 77 S.W. 3d 459, 460 (Tex. App.-Corpus christi 2002 orig. proceeding). "An act is ministerial if it does invole the execise of any discretion. **Id.** (quoting **State ex rel Hill V. Court of Criminal Appeals Fifth Dist.,** 34 S.W. 3d 924, 927 (tex. Crim. App. 2001)). It must also be "clear and indisputable" that the relator has an absolute right to relief sought. **Id.** A ministratiar act is one that according to law, must be performed with certainity with certainity it does not require the execise of judgment of judicial discretion. **Id.**

V.

Relator, filed an Application for Writ of Habeas Corpus, pursuant to **TEX.CODE CRIM. PROC. ANN.** art. 11.07, §4(a)(1)(Vernon 2014). Request for the trial Court to pronounce the Sentence Relator is expected to have to serve orally pronounce in Relator's presence. **Article 42.03,§1(a)(vernon).** The State's Assistant Dis-

4

trict Attorney, filed 'State's Proposed Findings of Facts and Conlusions of Law and Orders' the trial Court [A]dopted the 'State's Answer and 'Prposed Findings of Facts and Conclusions Of law and Orders'. As its [O]wn. There effectively improperly [DISMISSED], relator's Application as a subsequesnt Application for Writ of Habeas Corpus. This Court of Criminal Appeals, final Disposition On **[October 8, 2014]**--[DENIED WITHOUT WRITTEN ORDER] Being...NOTED...that the initial Application for Writ of habeas Corpus, this Court [DENIED WITHOUT WRITTEN ORDER], On **[December 18, 2013]**. The trial Court **[GRANTED]**, Relator's **[MOTION]**, On [April 21, 2014]. The trial Court's actions in Granting Relator's **'MOTION'** was Four (4)-Months after the Final Disposition of Relator's First Application for Writ Of habeas Corpus. [DENIED WRITOUT WRITTEN ORDER], On [December 18, 2013]. See <u>659156-A</u> <u>659156-B</u> and **<u>WR-25,679-17</u>**.

VI

Relator, filed a **[MOTION NUNC PRO TUNC]**. Requested the trial Court to Pronounce the sentence in Relator's presence. Pursuant to **TEX.CODE CRIM. PROC. ANN. art. 42.03, §1(a)(Vernon Supp. 2014)**. However, Relator, attempted to collect information concerning the disposition of the **'MOTION NUNC PRO TUNC'**. By sending a missive to the Harris County, District Clerk's Office. The District Clerk's Office., cited Relator in accordance with **TEX.GOV'T CODE ANN. § 552.028(a)(1)(2)**. refused to provide Relator with any information

5

concerning the status of the **'MOTION NUNC PRO TUNC'**. But because the Harris county citation. In refusing to provided Relator with any information. Being mindful Relator is incercerated at the Hughes Unit. (TDCJ), Texas Department of Criminal Justice-Institutional Division. Under the circumstances relator has taken every available means to Him. To get the trial Court to Pronounce the [R]e-sentence in Relator's presence. pursuant to **TEX.CODE CRIM. PROC. ANN. art. 42.03, §1(a)(Vernon 2014)**. In the instant case, the trial Court is refusing to Pronounce Relator's Sentence in Relator's Presence. In violation of Relator's Due Process of Law. See **TEX.CODE CRIM. PROC. ANN. art. 1.04 (Vernon 1989)**, and in Violation of Statutory provisions. **TEX.CODE CRIM. PROC. ANN. art.42.-03, §1(a)(Vernon Supp. 2014)**[Sentence shall be Pronounce in the defendant's presence];See also **Marshall V. State**, 864 S.W. 2d 142 (Tex. Crim. App. 1991);**Mill V. State**, 848 S.W. 2d 878 (Tex. App.-Houston [1st Dist] 1993);**Abron V. State**, 997 S.W.2d 281 (Tex. App.-Dallas 1998)("Defendant is entitled to have the sentence, including the assessment of any fine pronounced in his presence");**Sanchez V. State**, 228 S.W. 3d 85 (Tex. App.-Tyler 2006)("Sentence in a felony case MUST be pronounced in the defendant's presence"). Thus, it being settled in law..."there is no fixed or fixible form to use for a sentence, the one mandatory, being that the sentence be pronounced in the defendant's presence," See **Garb V. State**, 234 S.W. 2d 869 (tex. Crim. App. 1936).

In **Small V.State**, 38 S.W. 789, 799 (Tex. Crim. App. 1897)(stat-

6

ing that an improper pronouncement of sentence is akin to no pronouncement of sentence at all; See also <u>Papakostas V. State</u>, 145 S.W. 3d 723, 726-27 (Tex. App.-Corpus Christi 2004, no pet).

In reaching this conclusion, In McClinton V. State, this Honorable Court of Criminal Appeals, held that..."It is well established that a trial Court's Oral Pronouncement of Sentence in open Court is the Sentence imposed. The wriitten judgment or a docket entry is merely the written declaration and embodiment of the Oral pronouncement. <u>Ex parte Madding</u>, 70 S.W. 3d 131, 135 (Tex. Crim. App. 2002);<u>Coffey V. State</u>, 979 S.W. 2d 326, 328). As the Court of Criminal Appeals, recently, explained:

> "The rationale for that rule is that the imposition
> of sentence is the crucial moment when all parties
> are physically presnet at sentencing hearing and able
> to hear and respond to the imposition of sentence.
> Once he leaves the court-room, the defendant begins
> serving the sentence. <u>Ex parte Madding</u>, 70 S.W. 2d
> at 135. Thus, a trial Court does not have the Statutory authority to impose one sentence orally to the
> defendant and then at some later date, enter a different, greater or lesser sentence, in his presence,
> in the written judgment outside the defendant's or
> State's presence. See <u>Id</u> at 136. Such a system would
> create hovoc; a trial Court judge could orally pronounce sentence in open court while the defendant and
> his family and friends and possible victim family and
> friends, and the prosecutor are all present to object,
> A defendant who thought he was serve a ten year sentence would eventally discover that instend, his sen-

7

tence has been modified to twelve years, or the State would eventually discover that the sentence been modified to ten years, such a system would be unfair to both parties and to socity at large. such would inject both parties andintolerable level of uncertainity into the sentence from becoming "final" until the trial Court's plenary authority had expired."

A trial Court has the inherent authority to alter, modify, or vacate its ruling, but it does not have the inherent authority to alter, modify or vacate a sentence imposed in open court without Statutory authorization and without the presence of the parties. See 121 S.W. 3d 768, 770-771 (Tex. Crim. App. 2003).

## VII

With the foregoing in mind, as previously demonstrate, and based on the records, unequivocally shows that the trial Court [GRANTED] Relator's [MOTION], and 'ORDERED' hearing 'NUNC PRO TUNC' and further 'ORDERED' the 'CORRECTION' of Relator's 'JUDGMENT AND SENTENCE' from [1ST DEGREE AGGRAVATED KIDNAPPING] [TO] [2ND DEGREE AGGRAVATED KIDNAPPING-RELEASE VICTIM IN A SAFE PEACE]. Pursuant to TEX.PENAL CODE ANN. §20.04(b) or (d)(Vernon 1993 & Supp. 2014); See also Starr V. State, 126 S.W. 3d 647, 658 n *1 (Tex. App.-Houston [14th Dist] 2004)(citing Williams V. State, 851 S.W. 2d 282, 287 (Tex. Crim. App 1993).

However, in the instant case, the trial Court is refusing to Orally pronounce the [R]e-sentence in Relator's presence. In accordance

with TEX.CODE CRIM. PROC. ANN. art. 42.03, §1(a)(Vernon Supp. 2014).

This Honorable Court of Criminal Appeals, has held in similar situate(s), has Conditionally Granted Mandamus Relief, to afford the trial Court to comply with Statutory provisions, **TEX.CODE CRIM. PROC. ANN. art, 42.03, §1(a)(Vernon Supp. 2014).** To Orally Pronounce the Sentence in Relator's presence. See **In re Risley, 190 S.W. 3d 854 (Tex. App.-Fort Worth 2006)**("Mandamus lies to compel the trial court to impose sentence in the presence of the defendant").

## PRAYER FOR RELIEF

WHEREFORE, PREMISES, CONSIDERED, Relator's ["Lowe"], **prays** this Honorable Court of Criminal Appeals, consider each and every point raised herein, and as a matter of law. Take the appropriate actions under the circumstances, in this case, as the law and justice requires.

Respectfully Submitted

*Arthur Lowe*

ARTHUR DAVID LOWE#669750
HUGHES UNIT.
RT. 2. BOX 4400
GATESVILLE, TEXAS 76597

## CERTIFICATE SERVICE

I, Arthur David Lowe, being the Relator, herein, the 'Motion for Leave To File Writ Of Mandamus,' I SWEAR UNDER PENLTY OF PERJURY, that the statement made herein and the records are ALL TRUE and CORRECT, and can be verified, by its entitled custodian of the re-

9

cords, and this Honorable Court of Crimnal Appeals, also On **July 28, 2014,** Ordered the records supplementaled to the (CCA), Clerk's official records. See **WR-25,679-15,...\*[NOTICE]\* JUEY 28, 2014.**

relator further acknowledges that a Copy of the same **'MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS'.** has been delivered by U. S. Mail Postal Service to:**CHRIS DANIEL, HARRIS COUNTY, DISTRICT CLERK'S, P.O. BOX 4651, HOUSTON, TEXAS 77210-4651.** to file and process a copy to the 339th District Court the Honorable presiding judge Maria T. (Terri) Jackson.

On this ___10___ , day of ___July___ ,2015.

Respectfully Submitted

*Arthur Lowe*

ARTHUR DAVID LOWE#669750
HUGHES UNIT.
RT. 2. BOX 4400
GATESVILLE, TEXAS 76597

Case No. 659156-B

(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: Arthur David Lowe, Jr.

DATE OF BIRTH: December 9, 1960

PLACE OF CONFINEMENT: (TDCJ-ID), HUGHES UNIT.

TDCJ-CID NUMBER: 669750          SID NUMBER: _____

(1)    This application concerns (check all that apply):

☐  a conviction            ☐  parole

☑  a sentence              ☐  mandatory supervision

☐  time credit             ☐  out-of-time appeal or petition for discretionary review

(2)    What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

   339th District Court, Harris County, Texas

(3)    What was the case number in the trial court?

   Cause No. 659156

(4)    What was the name of the trial judge?

   Maria T. (Terri) Jackson

RECEIVED IN
POST TRIAL
DISTRICT CLERK OFFICE

JUL 29 2014

Time:_____
Harris County, Texas
By_____
        Deputy

Effective: January 1, 2014

Rev. 01 14.14

: 00062

(5)     Were you represented by counsel? If yes, provide the attorney's name:

——     Court-Appointed--Jim Armin Rust--State Bar #17443700

(6)     What was the date that the judgment was entered?

        October 28, 1993

(7)     For what offense were you convicted and what was the sentence?

        No Counts, Separate-Indictments-charges-same-episode

(8)     If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

        Aggravated Kidnapping-Cause No's. 659154, 659156 &

        Aggravated Robbery-Cause No's. 659155.

(9)     What was the plea you entered? (Check one.)

        ☐ guilty-open plea            ☐ guilty-plea bargain
        ☑ not guilty                  ☐ *nolo contendere*/no contest

        If you entered different pleas to counts in a multi-count indictment, please explain:
        Same Plea in each Indictment [NOT GUILTY].

        _____

(10)    What kind of trial did you have?

        ☐ no jury                     ☑ jury for guilt and punishment
                                      ☐ jury for guilt, judge for punishment

Rev. 01/14/14

: 00003

(11)   Did you testify at trial? If yes, at what phase of the trial did you testify?

Guilt/Innocence Phase.

(12)   Did you appeal from the judgment of conviction?

☑ yes                              ☐ no

If you did appeal, answer the following questions:

(A)   What court of appeals did you appeal to?   First Court Appeals

(B)   What was the case number?   01-93-00987-CR

(C)   Were you represented by counsel on appeal? If yes, provide the attorney's name:

Nancy Howe Boler

(D)   What was the decision and the date of the decision?   Affirmed/January 19, 1995

(13)   Did you file a petition for discretionary review in the Court of Criminal Appeals?

☑ yes                              ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A)   What was the case number?   PD-0243-97.

(B)   What was the decision and the date of the decision?   Refused: April 19, 1995

(14)   Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☑ yes                              ☐ no

If you answered yes, answer the following questions:

(A)   What was the Court of Criminal Appeals' writ number?   WR-25,679-13

3

Rev. 01/14/14

: 00004

(B) What was the decision and the date of the decision?  <u>DENIED W/O WRITT.</u> ORDER
January 8, 2014

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

<u>Court Entered Nunc Pro Tunc Order Corrected Judgment &</u>

<u>Sentence On Motion After Disposition of intial Applic-</u>

<u>ation(s), On Order Nunc Pro Tunc Hearing April 21, 2014.</u>

<u>The Final Disposition January 8, 2014.</u>

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes          ☑ no

If you answered yes, please provide the name of the court and the case number:

\*\*\*\*\*\*\*\*\*\*\*\*N/A\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes          ☑ no

If you answered yes, answer the following questions:

(A) What date did you present the claim?  \*\*\*N/A\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(B) Did you receive a decision and, if yes, what was the date of the decision?

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

If you answered no, please explain why you have not submitted your claim:
Although \*Error TWO\* is based On a Time-Issue. Its not an applicable issue regarding Time-Credit(s)..........

4

Rev. 01-14-14

: 00005

_____

_____

_____

_____

_____

_____

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

Rev. 01/14/14

: 00006

GROUND ONE:

THE TRIAL COURT ERRED IN HOLDING AN HEARING ORAL PRONOUNCEMENT

CORRECTION 'JUDGMENT AND SENTENCE' IN APPLICANT"S ABSENCE.

FACTS SUPPORTING GROUND ONE:

THE TRIAL COURT ERRED IN HOLDING A HEARING, PRONOUNCEMENT

OF JUDGMENT AND SENTENCE, IN ITS ORDER, CORRECTED THE RE-

CORD TO REFLECT 2ND DEGREE AGGRAVATED KIDNAPPING RELEASE

VICTIM IN A SAFE PLACE. THE HEARING AND PRONOUNCEMENT OF

JUDGMENT AND SENTENCE, TO CONFORM TO THE JURY'S VERDICT ON

SPECIAL ISSUE. ORDERED AN ORAL PRONOUNCEMENT 'NUNC PRO TUNC'

CORRECTION OF APPLICANT'S JUDGMENT AND SENTENCE, REDUCED THE

ENTRY INTO THE JUDGMENT AND SENTENCE 1ST DEGREE AGGRAVATED

KIDNAPPING. CORRECTED THE RECORDS TO READ 2ND DEGREE AGGRA-

VATED KIDNAPPING, HOWEVER, THE ORAL PRONOUNCEMENT CONFLECT

WITH THE WRITTEN JUDGMENT AND SENTENCE. THE COURT IN ITS

ORDER CORRECTED THE JUDGMENT AND SENTENCE TO 2ND DEGREE FE-

LONY OFFENSE, WHICH IS A LESS DEGREE OF PUNISHMENT AS A MAT-

6

Rev. 01/14/14

: 000007

TER OF LAW. THE JUDGMENT REFLECTS A HARSHER PUNISHMENT AND SENTENCE 'LIFE' AS NO CORRECTION MADE, REFLECT 1ST DEGREE FELONY OFFENSE OF THE ASSESSMENT OF THE MAXIMUM PUNISHMENT, RATHER THAN AS A MATTER OF LAW, 2ND DEGREE 2-YEARS NO MORE THAN 20-YEARS SUCH VIOLATES DUE PROCESS OF LAW APPLICANT BEING ENTITLED TO ORAL PRONOUNCEMENT OF SENTENCE IN HIS PRESENTS, AT THE HEARING.

7

Rev. 01/14/14

00008

GROUND TWO:

THE CLERK EGREGIOU-SELF-ENTRY, IN THE JUDGMENT AND SENTENCE ——

CHANGED APPLICANT [SBD]-SENTENCE BEGIN DATE.

FACTS SUPPORTING GROUND TWO:

THE DEPUTY CLERK EGREGIOUS-SELF ENTRY, IN THE JUDGMENT

CHANGED   APPLICANT'S [SBD]--SENTENCE BEGIN DATE, AND TRANS-

MITTED, CHANGE TO APPLICANT'S [SBD], TO (TDCJ-ID), RECORDS.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION

CLASSIFICATION AND CUSTODIAN OF RECORDS.

8

Rev. 01/14/14

: 00009

Rev. 01/14/14

: 00010

GROUND THREE:

_____

_____

FACTS SUPPORTING GROUND THREE:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

10

Rev. 01/14-14

: 00011

: 00012

GROUND FOUR:

_____

_____

FACTS SUPPORTING GROUND FOUR:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12

Rev. 01/14/14

: 00013

Rev. 01/14/14

: 00014

GROUND:

_____

_____

FACTS SUPPORTING GROUND:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14

Rev. 01/14/14

: 00015

15

Rev. 01/14/14

: 00016

## NOTICE
## OFFENDER NOTARY PUBLIC SERVICE

Under both Federal law (28 U.S.C § 1746) and State law (V.T.C.A. Civil Practice & Remedies Code, §132.001-132.003), offenders incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, certification, oath, or affidavit sworn before a Notary Public. An example of a blank unsworn declaration is as follows:

"I ARTHUR LOWE (insert offender name and TDCJ number), being presently incarcerated in TEXAS DEPARTMENT CORRECTION (insert TDCJ unit name), in CORYELL County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed on JULY 23 , 2014. *Arthur Lowe* "
                                                    (Offender's Signature)

In a request for Notary Public service, each offender must explain why an Unsworn Declaration is insufficient before Notary Public service will be provided.

## NOTICE
## NOTARY PUBLIC SERVICE DENIAL

Regarding your request for Notary Public service, insufficient justification was provided necessitating Notary Public service. However, you may proceed with an Unsworn Declaration.

_____                    _____
(Notary Public's Signature)                           (Date)

*********************************************************************************

OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

                              *Arthur Lowe*
                         Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS 22 DAY OF JULY 2014

                              _____
                              Signature of Notary Public

16

Rev. 01/14/14

: 00017

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, ARTHUR LOWE , am the applicant / petitioner (circle one) and being presently incarcerated in TDGJ-ID, HUGHES UNIT declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on JULY 22 , 20 14

_Arthur Lowe_

Signature of Applicant / Petitioner (circle one)

17

Rev. 01/14/14

: 00016

## PETITIONER'S INFORMATION

Petitioner's printed name: __ARTHUR DAVID LOWE, JR. #669750__

Address: __HUGHES UNIT.__

__RT. 2. BOX 4400__

__GATESVILLE, TEXAS 76597__

Telephone: __CONTACT-NUMBER...832-646-4302__

Fax: _____

Signed on __JULY 22__, 20__14__

_Arthur Lowe_

Signature of Petitioner

18

Rev. 01/14/14

:00019

CAUSE. No.659156-B

---

ARTHUR DAVID LOWE
Applicant,

V.

THE STATE OF TEXAS
Respondent.

---

APPLICANT IN THE 339TH MOTION DISTRICT ORALLY
HARRIS COUNTY, TEXAS

---

ARTHUR DAVID LOWE#669750
HUGHES UNIT.
RT. 2. BOX 4400
GATESVILLE, TEXAS 76597

## TABLE OF CONTENTS

TABLE OF CONTENTS................................................i

NAMES OF INTERESTED PARTIES.....................................ii

INDEX OF AUTHORITIES.........................................iii-v

SUMMARY OF THE CASE See **[APPLICATION FORM]**.....................5

OBJECTION AND CONSTITUTIONAL AND STATUTORY PROVISION INVOLVED..vi

PRELIMINARY STATEMENT OF THE PROCEEDINGS........................2

GROUND OF ERROR ONE..........................................1-13

ISSUE FOR REVIEW--ERROR ONE

THE TRIAL COURT ERRED IN HOLDING A HEARING, PRONOUNCEMENT OF JUDGMENT AND SENTENCE, IN ITS, ORDER CORRECTED THE RECORD TO REFLECT 2nd DEGREE AGGRAVATED KIDNAPPING RELEASE VICTIM IN A SAFE PLACE. THE HEARING AND PRONOUNCEMENT OF JUDGMENT AND SENTENCE, TO CONFORM TO THE JURY'S VERDICT ON SPECIAL ISSUE. ORDERED AN ORAL PRONOUNCEMENT 'NUNC PRO TUNC' CORRECTION OF APPLICANT'S JUDGMENT AND SENTENCE, REDUCED THE ENTRY INTO THE JUDGMENT AND SENTENCE 1ST DEGREE AGGRAVATED KIDNAPPING. CORRECTED THE RECORDS TO READ 2ND DEGREE AGGRAVATED KIDNAPPING, HOWEVER, THE ORAL PRONOUNCEMENT CONFLICTS WITH THE WRITTEN JUDGMENT AND SENTENCE. THE COURT IN ITS ORDER CORRECTED THE JUDGMENT AND SENTENCE TO 2ND DEGREE FELONY OFFENSE, WHICH IS A LESS DEGREE OF PUNISHMENT, AS A MATTER OF LAW. THE JUDGMENT REFLECTS A HARSHER PUNISHMENT AND SENTENCE 'LIFE' AS NO COR- RECTION MADE, REFLECT 1ST DEGREE FELONY OF ASSESSMENT OF THE MAXIMUM PUNISHMENT, RATHER THEN AS A MATTER OF LAW, 2ND DEGREE 2-YEARS NO MORE THAN 20-YEARS SUCH VIOLATES DUE PROCESS OF LAW APPLICANT BEING ENTITLED TO ORAL PRONOUNCEMENT OF SENTENCE IN HIS PRESENTS, AT THE HEARING

GROUND OF ERROR--TWO........................................13-18

ISSUE FOR REVIEW--ERROR

THE DEPUTY CLERK EGREGIOUS-SELF ENTRY, IN THE JUDGMENT-- CHANGED APPLICANT'S [SBD]--SENTENCE BEGIN DATE, AND TRANSMIT- TED, CHANGE TO APPLICANT'S [SBD], TO (TDCJ-ID), RECORDS. TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION--CLASSI- FICATION AND CUSTODIAN OF RECORDS.

CONCLUSION OF PRAYER...........................................18

CERTIFICATE OF SERVICE......................................18-19

APPENDIX-COPIES--LISTED........................................19

i

:00021

## NAMES OF INTERESTED PARTIES

Pursuant to **TEX.R. APP. PROC.** Rule 38.1(a), Applicant Certifies that the following is a List of the 'Names and Interested Parties' to the Judgment and Sentence. since this is a case proceediing regrding an Application for Writ of Habaes Corpus of a **'NUNC PRO TUNC'** proceeding in a Felony Conviction. Under **TEX.CODE CRIM. PROC. ANN.** art. 11.07. See also **TEX.CODE CIM. PROC. ANN.** art. 42.03(a), sec. 1 **(Vernon 2014)**. The Only parties are [Applicant], The State of Texas, its Repesentative(s), Office of the Harris County, District Attorney Office. The Deputy Clerk 339th Criminal District Court.

**APPLICANT:**

ARTHUR DAVID LOWE#669750
HUGHES UNIT.
RT. 2. BOX 4400
GATESVILLE, TEXAS 76597

**THE STATE OF TEXAS:**

REPRESENTATIVE(s) ASSI-
TANT DISTRICT ATTORNEY
HARRIS COUNTY,
201 FANNIN
HOUSTON, TEXAS 77002

**DEPUTY DISTRICT CLERK 339TH COURT:**

L. GUEVARA, DEPUTY CLERK
339TH DISTRICT CLERK
HARRIS COUNTY, TEXAS

**HONORABLE JUDGE 339TH DISTRICT COURT:**

MARIA T. (TERRI) JACKSON

ii

INDEX OF AUTHORITIES

CASES:                                                          PAGES


Beasley V. State,
   718 S.W. 2d 304 (Tex. App.-Amerillo [7th Dist] 1995)........15

Brecheisen V. State,
   958 S.W. 2d 490 (Tex. App.-Fort Worth 1997)................15

Brecheisen V. State,
   4 S.W. 3d 761 (Tex. Crim. App. 1997).......................16

Buchana V. State,
   881 S.W. 2d 376 (Tex. App.-Houston [1 Dist], 1994)...........7
   911 S.W. 2d 11, On remand WL 640704, ......................7
   petition for discretionary review

Dickson V. State,
   988 S.W. 2d at 268.........................................7

Hughes V. State,
   493 S.W. 2d 166 (Tex. Crim. App. 1973).....................4

Johnson V. State,
   233 S.W. 3d 420 (Tex. App.-Fort Worth 2007)...............14

Jones V. State,
   795 S.W. 2d at 201........................................7

Kanya V. State,
   795 S.W. 2d 36 (Tex. App.-Houston [1st dist] 1990).........16

State ex rel. Latty V. Owns,
   907 S.W. 2d 484 (Tex.1995)................................15

Ex parte Lemke,
   13 S.W. 3d 791 (Tex. Crim. App. 2000)......................5

Ex parte Madding,
   70 S.W. 3d 131 (Tex. Crim. App. 2002).....................10

Marshall V. State,
   860 S.W. 2d 142 (Tex. App.-Dallas 1993, no pet)...........10

Mitchell V. State,
   942 S.W. 2d 170 (Tex. App.-Amerillo, 1997)................10

Ex parte Phillip,
   176 S.W. 3d 818 (Tex. Crim. App. 2005)....................10

:00023

Shaw V. State,
   539 S.W. 2d 887 (Tex. Cr. App. 1976)...........................10

Smith V. State,
   15 S.W. 3d at 298 (Tex. App.-Amerillo, 1997).................10

Starr V. State,
   126 S.W. 3d 647 (Tex. App.-Houston [14th Dist], 2004)........8

State V. Evans,
   817 S.W. 2d 576 (Tex. App.-Waco 1991).......................14
   843 S.W. 2d 576 (Tex. Crim. App. 1992)......................14

State V. Kanpa,
   795 S.W. 2d 36 (Tex. App.-Houston [1st Dist], 1990).........16

Taylor V. State,
   131 S.W. 3d 492 (Tex. Crim. App. 2004).....................10

Thompson V. State,
   108 S.W. 3d 287 (Tex. Crim. App. 2008)......................7

Tooke V. State,
   642 S.W. 2d 514 (Tex. App.-Houston [14th Dist], 1982).......14

Vallez V. State,
   121 S.W. 3d 778 (Tex. App.-San Antonio, 2000)..............10

Ex parte Vasquez,
   712 S.W. 2d 754 (Tex. Crim. App. 1975).....................17

Ex parte Voelkel,
   517 S.W. 2d 291 (Tex. Crim. App. 1975).....................14

FEDERAL CASES:                                                    PAGES

Bald V. Hale,
   68 U.S. 223. I Wall. 223 (1863).............................11

Blakely V. Washington,
   542 U.S. 296, 124 S.Ct. 2531 (2004).........................11

Downey V. United States,
   67 App. D.C. 192, 91 F.3d 223 (1937)........................11

Landford V. Idaho,
   500 U.S. 110, 126 S.Ct. 1723 (1991).........................11

In re Oliver,
   333 U.S. 257, 68 S.Ct. 499 (1948)...........................11

iv

:00024

Struck V. United States,
   93 S.Ct. 2260 (1973)..........................................16

STATUTES:

TEX.CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2014)......2,3

TEX.PENAL CODE ANN. §20.04 (Vernon 1993)..........................6

TEX.PENAL CODE ANN. §12.32 (Vernon Supp. 2014)..................6

TEX.PENAL CODE ANN. §12.33 (Vernon Supp. 2014)..................5

TEX.R. APP. Rule 44.2;..........................................16

TEX.R. APP. PROC. 50(b);..........................................3

FEDERAL STATUTES:

FED.R. CRIM. P. 43..........................................11

: 00025

## OBJECTION AND CONSTITUTIONAL
## AND
## STATUTORY PROVISON INVOLVED

Applicant, lodges this Objection to the trial Court's Ordered a

'**Nunc Pro Tunc**' hearing denied Applicant's Due Process Rights and

Due Process of Law, to be present in Court during a critical Hear-

ing on this matter to the provision of **TEX.CODE CRIM. PROC. ANN.**

**art. 42.03, §1(a).** and to The U.S. CONST. amend. VI, XXIV; TEX.

**CONST. art. I, § 10.** In Violation of 'Federal and State Constitut-

ional Rights in Confrontation and Cross-examination.'

Violation of the United States and Texas Constitutions by cond-

ucting a final hearing without Applicant being present. pursuant to

Statutory provisions. See **TEX.CODE CRIM. PROC. ANN. art. 42.03, §1**

**(a)[Sentence shall be Pronounced in the Defendant's Presence].**


Respectfully Submitted

*Arthur Lowe*
ARTHUR DAVID LOWE, JR.
Pro Se. T.D.C.J.-ID
#669750.


vi

CAUSE No. 659156-B

EX PARTE ARTHUR DAVID LOWE      §      IN THE 339TH DISTRICT COURT
          Applicant,

V.                              §      OF

THE STATE OF TEXAS              §      HARRIS COUNTY, TEXAS
          representative(s).

**TO THE HONORABLE JUDGE OF THE SAID COURT:**

**NOW COMES**, Arthur David Lowe, [hereinafter referred to as Appl-

icant and submits the ['SEPARATED MEMORANDUM'], pursuant to **TEX.**

**CODE CRIM. PROC. ANN, art. 11.07.** In support of this request for

an Order pursuant to **TEX.CODE CRIM. PROC. ANN. art. 42.03**,[Pronounc-

ing Sentence']. The court Ordered a Hearing in 'NUNC PRO TUNC' pro-

ceeding. On Applicant's **'Motion Reformation Aggravated Kidnapping**

**Judgment'.** And Granted the **'Motion-Nunc Pro Tunc'** Ordered hearing in

open Court and made Oral pronouncement corrected the 'JUDGMENT AND

SENTENCE', that the Court recorda reflects 2nd Degree Felony-Aggrav-

ated Kidnapping Relaese victim in a safe place. this hearing and Oral

Pronouncement to correct the 'JUDGMENT AND SENTENCE", in Applicant's

absence, such actions violates due process, in that Applicant is en-

title to be present for Oral Pronouncement of Sentence correction in

person, and will show the following:

                [APPLICANT IS BEING UNLAWFULLY RESTRAINED]

                            GROUND OF ERROR ONE

    THE TRIAL COURT ERRED IN HOLDING, PRONOUNCEMENT OF JUDGMENT AND
SENTENCE, IN ITS, ORDER,  CORRECTED THE RECORD TO REFLECT 2ND DE-
GREE AGGRAVATED KIDNAPPING RELEASE VICTIM IN A SAFE PLACE. THE HEAR-

1

:00027

ING AND PRONOUNCEMENT OF JUDGMENT AND SENTENCE, TO CONFORM TO THE JURY'S VERDICT ON SPECIAL ISSUE. ORDERED AN ORAL PRONOUNCEMENT 'NUNC-PRO TUNC' CORRECTION OF APPLICANT'S JUDGMENT AND SENTENCE, REDUCED THE ENTRY INTO THE JUDGMENT AND SENTENCE 1ST DEGREE AGGRAVATED KID-NAPING. CORRECTED THE RECORDS TO READ 2ND DEGREE AGGRAVATED KIDNAPP-ING, HOWEVER, THE ORAL PRONOUNCEMENT CONFLICTS WIT THE WRITTEN JUDG-MENT AND SENTENCE. THE COURT IN ITS ORDER CORRECTED THE JUDGMENT AND SENTENCE TO 2ND DEGREE FELONY OFFENSE, WHICH IS A LESS DEGREE PUNISH-MENT, AS A MATTER OF LAW. THE JUDGMENT REFLECTS A HARSHER PUNISHMENT AND SENTENCE 'LIFE' AS NO CORRECTION MADE, REFLECTS 1ST DEGREE FELONY OF ASSESSMENT OF THE MAXIMUM PUNISHMENT, RATHER THEN AS A MATTER OF LAW, 2ND DEGREE2-YEARS NO MORE THAN 20-YEARS SUCH VIOLATES DUE PRO-CESS OF LAW. APPLICANT BEING ENTITLE TO ORAL PRONOUNCEMENT OF SENTENCE IN HIS PRESENTS, AT THE HEARING.

## PRELIMINARY STATEMENT OF THE PROCEEDING

The records reflects Applicant filed an Application for Writ of Habeas corpus, pursuant to **TEX.CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2013).** On October 15, 2013. It was received and filed in the Harris County, District Clerk's Office. The Application was accompanied with numerous other Motions, specifically Applicant's **'MO-TION REFORMATION AGGRAVATED KIDNAPPING JUDGMENT'.** However, the trial Court disposed of the Habeas Corpus' Application as well as each **'Mo-tion'** Applicant discovered that the trial Court Judge was not afforded copies of the **'Motion Reformation Aggravated kidnapping Judgment'** and the Attached documents. Not being presented to the trial Court. Applicant filed a **'Motion For Leave To file Writ Of Mandamus'** to the Court of Criminal Appeals. And also as a requirement served the Harris County, District Clerk with a copy of the **'Motion For Leave To file Writ of Mandamus'.** Requesting to the Court Of Criminal Appeals, to compel the Harris County, District Court to forward ALL the related records of the Habeas Corpus Application proceeding. To complete the

2

: 00028

before the Court and to served the same to the Harris County, District Clerk. Because pursuant to **Tex.R. App. Proc. 50(b)**("the burden is on the Applicant to make sure the records are complete before the Court"). However, the Application for Writ of Habaeas Corpus was denied without a written ouder. There after the '**Motion for Leave to file Writ of Mandanus** was also denied Applicant filed '**Motion for suggestion for Reconsideration**'. also was denied. On **January 14, 2014.** The Memoradum Response to corresponce was received by the trial Court Obviously the trial Court Judge was afforded a proper review of the '**Motion**' with the records appended. trial Court Granted Applicant's '**Motion Reformation Aggravated Kidnapping Judgment**'. The trial Court entered an Order On **April 21, 2014.** Other: "PLEASE ATTACHED A COPY OF THE CORRECTED JUDGMENT AND SENTENCE. ALSO OUR RECORDS HAVE BEEN CORRECTED TO REFLECT 2ND DEGREE FELONY-AGGRAVATED KIDNAPPING RELEASE VICTIM IN A SAFE PLACE."

(Emphasis added)

The record reflects that Applicant [NO-LONGER] convicted of the Felony offense ['**First Degree Aggravated Kidnapping**']. This Order referred to was after the disposition of the initial Application for Writ of Habeas Corpus' By Both Courts'. The trial Court On **November 12, 2013.** and the court of Criminal Appeals, On **January 8, 2014.** On **April 14, 2014.** The Harris County, District Clerk's Office-Attention Correspondence received Applicant's '**Motion Reformation Aggravated Kidnapping Judgment**'. The trial Court On April 21, 2014. well after Applicant filed the initial Application for writ of Habeas corpus'.

**Article 11.07, §4,** permits the consideration of a subsequent application for writ of habeas corpus, only under exceptional circumstances:

(a)'If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the metter of or grant relief based on the subsequent application, unless, the application contains

3

: 00029

sufficient specific facts establishing that:

(1)'The current claims and issues have not been and could not been presented previously in a original application or in a previous considered application filed under this article because the factual or legal basis for the claim was unavailable on the date applicant filed the previous application;...

(c)'For purpose of subsection (a)(1), a factual basis of claims is available on or before a date described by subsection (a)(1), if the factual basis was not assertainable through the exercise of reasonable diligence or before that date.

Thus, reaching this conclusion that, Applicant is entitled to have the merits of this Application for Writ of Habeas Corpus consideration because as Applicant presents by the preponderance of the factual legal basis was unavailable at the time of the initial filed Application and its disposition by Both the trial Court and the court of Criminal Appeals. As demonstrated above the trial Court **Granted** Applicant's 'Motion' and entered an Order 'Nunc Pro Tunc' Corrected the '<u>JUDGMENT AND[SENTENCE]</u>''. Reduced the Felony offense from [1st degree aggravated kidnapping]. To reflect the Jury's actual Verdict '[2nd Degree Aggravated Kidnapping]' pursuant to TEX.PENAL CODE ANN. §20.04(b)(Vernon 1993);See also <u>Hughes V. State</u>, 493 S.W. 2d 166, 170 (Tex. Crim. App. 1973)("A judgment may be reformed so as to show the offense of which the accused was found guilty by a court or Jury").

The actions taken by the trial Court Judge, On [April 21, 2014] was well after Applicant's initial Application for Writ of Habeas Corpus' filed On [October 15, 2013], in the Harris County, District Clerk's

4

: 00030

office. And was 'Denied Without Written Order' On **[January 8, 2014]** by the Texas Court of Criminal Appeals...Thus, Applicant is entitle to this Application for Writ of Habaes Corpus, consideration being adequately presented and as demonstrate above by the preponderance of the factual legal basis was not available at the time Applicant filed the initial Application. See e.g., <u>Ex parte Lemke</u>, 13 S.W. 3d 791, 794 **(Tex. Crim. App. 2000)**(concluding that court would address merits of subsequent habeas corpus application when applicant show that claims could not have been presented in his initial Writ application because the factual basis for it was unavailable").

Thus, based on the factual basis, presented herein and based on the evidence and the records, in this instant Application, The Court should find that Applicant's has reached his burden. That this Honorable Court and the Texas Supreme Court Of Criminal Appeals, Both have jurisdiction and Statutory authority to address Applicant's claims. Under **Article 11.07, Section 4(a)(1), Texas Code Criminal Procedure.**

The record in the instant case, reflect that the trial Court Judge presiding over Applicant's **'Motion Reformation Aggravated Kidnapping Judgment'**. Entered and Order: Corrected the **'JUDGMENT AND <u>SENTENCE</u>'**. Therefore, effectively reduced Applicant's Sentence to a **2nd-Degree Felony**. Pursuant to **TEX.PENAL CODE. ANN. §12.33(a), [Second Degree Felony Punishment]** provides:

(a) 'An individual adjuded guilty of a Felony of the Second degree shall be punished in the Texas Departmnet Justice-Institutional Division any term more not than [20-years] nor less than **2-years**] **Id.**

5

: 00031

The difference from the original trial Court's "Sentence"...See also TEX.PENAL CODE ANN.§12.32(a), [First Degree Felony Punishment] level provides;

(a)'An individual adjudged guilty of the First Degree shall he punishment in the Texas Department of Criminal Justice-Institution-Division for '[LIFE]' or any term not more than [99-years] or less than [5-years] id.

The 'Judgment and Sentence' is in conflict with the punishment imposed. The records reflect that Applicant alone did voluntarily release the complainants alive and in a safe place. As a matter of law, pursuant to TEX.PENAL CODE ANN. §20.04(b)(Vernon 1993), allows a defendant who has been convicted of aggravated kidnapping to mitigate punishment, if he can prove by the preponderance of the evidence that he voluntarily released the victims alive and in a safe place. This former Statute that Applicant was convicted §(b) and that to the current Statute (d). The former Statute in whcih Applicant was convicted. TEX.PENAL CODE ANN. §20.04(b)(Vernon 1993), which states:

(b)'An offense under this section is a felony of the first degree unless the actor voluntarily releases the victim alive and in a safe place, in which it is a felony of the second degree.'

Id.

The trial Court Ordered that the Official Records be corrected to reflect that Applicant conviction should read Aggravated Kidnapping 2nd Degree Felony, and Ordered that the 'JUDGMENT AND SENTENCE' be corrected. However, the Judgmenet reflects that of assessment of punishment ['LIFE']. Where the Sentence Order to be corrected, but the

6

: 00032

attached Sentence Sheet to the Judgmnet reflects the 'Sentence EXE-CUTED''...and apply: is 'Silent'...!

The Court of Criminal Appeals, have held that "When the Oral Pronouncement of sentence in open court and the written judgment conflicts to the Oral Pronouncement controls." See Thompson V. State, 108 S.W. 3d 287, 290 (Tex. Crim. App. 2003).

The Court further held In Smith V. State, 15 S.W. 3d at 298-99 ("[B]efore a judgment nunc pro tunc may be entered, there must be proof the proposed judgment was actually entered or pronounced at a eariler time".);See also Jones V. State, 795 S.W. 2d at 201; Dickson V. State, 988 S.W. 2d at 268.

In the instant case, the trial Court Judge presiding over the 'Nunc Pro Tnuc' hearing and proceedings, Order is based on a preponderance of the evidence. This case being unique, In that there is not Only the Testimony of the Complainant (TANYA MILLER LODEN), that Applicant alone drove Her and Her (INFANT-BABY), She referred to as (BABY-JOE)--[JOSEPH MILLER LODEN], in Cause No. 659154. To the shoulder of the FWY cautioned Her of Her where-abouts existed Her car, She drove away, When She arrived home, She called her Husband and the Police (SF III, 62-70). There is also a [Verdict Form], that was submitted to the Jury, although egregious attached to the Jury's Charge at the GUILT/INNOCENCE Phase. See Buchanan V. State, 881 S.W. 2d 376 (Tex. App.-Houston [1 Dist] 1994), See also 911 S.W. 2d 11, On remand 1996 WL 640740, petition for discretionary review refused).

The records reflects that the Original trial Court presiding over Applicant's trial was very aware of the evidence that Applicant did

7

: 00033

voluntarily released the Complainants alive and in a safe place. But [DID NOT GIVE ANY INSTRUCTION TO THE JURY ON VOLUNTARY RELEASE IN A SAFE PLACE], as a matter of law, pursuant to TEX.PENAL CODE ANN. § 20.04(b)(Vernon 1993). Such actions taken by a trial Court has been addressed In Starr V. State, 126 S.W. 3d 647, 658 n *1 (Tex. App.-Houston [14th Dist], 2004).

In the instant case, the Original trial Court submitted by attached to the Jury Charge Guilt/Innocence Phase. A [VERDICT FORM] On [SPECIAL ISSUE]. The Jury took notice of the Document in the Form of a [VERDICT FORM] submitted to them, and reached an unanimous verdict. The attached to the Jury Charge at Guilt/Innocence Phase, provided the following:

### 'SPECIAL ISSUE'

Now, if you have found the Defendant guilty of aggravated kidnapping, as defined in this charge, and only in that event, you must determine whether or not the defendant voluntarily released the victim alive and in a safe place.

"Do you the Jury find the defendant voluntarily released the victim alive and in a safe place, in the commission of the offense for which he has been convicted?"

ANSWER: "We do" or "We do not".

ANSWER:  WE DO

David L. Phileps
Foreman of the Jury

### VERDICT

We, the jury, return in open court the above answer as our answer to the special issue submitted to us, and the same is our verdict in

8

: 00034

this case.

David L. Philpes
Foreman of the Jury

(emphasis added)

Based on th records, it is the testimony by the Complainant (TANYA MILLER LODEN)(SF III, 62-70), and the actual Jury's Verdict Form. The Jury's Verdict on the Special Issue. That prompted the trial Court's Judge to Grant Applicant's 'Motion Reformation Aggravated kidnapping Judgment' and Ordered 'Nunc Pro Tunc' Hearing that Ordered: 'JUDGMENT AND[SENTENCE] ([CORRECTED]) THE RECORDS TO REFLECT 2nd-DEGREE FELONY AGGRAVATED KIDNAPPING RELEASE VICTIM IN A SAFE PLACE.'

The trial Court Judge presiding over the 'Nunc Pro Tunc' Orders and Hearing Corrected the 'JUDGMENT AND SENTENCE' to reflect the Jury's actual verdict. Where the Original trial Court presided over the case, the injustice that was done. The trial Court Judge presiding over the 'Nunc Pro Tunc' Hearing Corrected the injustice. However, erred in the proceeding Ordered Hearing 'Nunc Pro Tunc' and Ordered Applicant's 'CORRECTED JUDGMENT AND SENTENCE'. The trial Court erred in its Order Oral Pronouncement at the Hearing in Applicant's absence.

ORAL PRONOUNCEMENT OF SENTENCE

The trial Court's Order 'NUNC PRO TUNC' to Correct Applicant's 'JUDGMENT AND SENTENCE. Violates TEX.CODE CRIM. PROC. ANN. art. 42.03, §1(a). Applicant being entitle as a matter of law, and due process of law to an Oral Pronouncement of Sentence, in accordance with TEX.CODE CRIM. PROC. ANN. art. 42.03, sec. 1(a)(Vernon Supp. 1993 & 2014), by having Orally Pronouncement of Sentence, in Applicant's presents. See

9

: 00035

Marshall V. State, 860 S.W. 2d 142 (Tex. App.-Dallas 1993, no pet);Ex parte Madding, 70 S.W. 3d 131 (Tex. Crim. App. 2002);Taylor V. State, 131 S.W. 3d 492, 500 (Tex. Crim. App. 2004)(citing TEX.CODE CRIM. PROC ANN. art. 42.03, §1(a)(Vernon2006).

The trial Court's Order reflects that the Oral Pronouncement to correct Applicant's 'Sentence' as pursuant to TEX.PENAL CODE. ANN. §20.04(b)(Vernon Supp. 1993 & 2014);See also Ex parte Phillip, 176 S. W. 3d 818 (Tex. Crim. App. 2005)("The expectation of having the oral pronouncement match the written judgment applied only to sentencing issues, as the term of confinement assessed and whether multiple sentence would be served concurrently"). It is error in the trial Court entered the 'Nunc Pro Tunc' Ordering the Hearing Pronounced Correction of Applicant's 'JUDGMENT AND SENTENCE'. without affording Applicant an opportuntiy to be Present for the Hearing, Sentence, Representation by Counsel, in accord to Applicant due process of law. See Shaw V. State, 539 S.W. 2d 887 (Tex. Cr. App. 1976). In Mitchell V. State, 942 S.W. 2d 170 (Tex. App.-Amarillo, 1997)("the appellate court, held that, "When valid judgment of conviction for first degree felony offense was not nunc pro tunc judgment, but merely a correction made during term time, there was no requirement for notice hearing and proof in defendant presence"). Wherefore In Vallez V. State, 21 S.W. 3d 778 (Tex. App.-San Antonio 2000)("entry of second nunc pro tunc judgment indicated that defendant's three controlled substance prosecuting had not been consolidated for plea and sentencing, was error, where defendant was not given opportunity to be present at hearing and to be heared

10

: 00036

and represented by counsel, to accord him due process").

## ON FEDERAL REVIEW

A defendant is constitutionally entitled to due process, at a bare minimum, due process requires that a defendant be given notice if the punishment to which he has been sentenced. See e.g., Landford V. Idaho 500 U.S. 110, 111 S.Ct. 1723 (1991)("[A] notice of issue to be resolved by the adversary process is a fundamental charectistic of fair procedure");Baldwin V. Hale, 68 U.S. 68 223. I wall. 223 (1863)([C]ommon justice requires that no man shall be condemned in his person or property without notice and an opportunity to make his defense");In re Oliver, 333 U.S. 257, 257, 68 S.Ct. 499 (1945)(due process requires that a person be given 'reasonable notice of a charge against him, and an opporunity be heard in his defense[']...to examine the witnesses against him to offer testimony, to be represented by counsel");e.g., Downey V. United States, 67 App. 192, 91 F.3d 223, 229 (1937)("changes in the record of judgment made without notice to defendant or opportunity to be heard would deprive person of liberty without due process of law; "[P]roceedings in absence of the appellant to correct the record would have been improper, sence the ultimate question involved, extent of valid imprisonment to which he might subjected, was one of vital interest to him");Compare United States V. Spiers, 82 F.3d 1274, 1282 (3rd Cir. 1996)(because had notice and was present in court-room rights were not effected by the failure to give effect to a complete defense to prosecution see FED.R.CRIM. P. 43...(:;See also Blakely V. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2005). Therefore, based

11

: 00037

on the records, of the **'Nunc Pro Tunc'** hearing proceedings, the Pronouncement to correct Applicant's **'Judgment and Sentence'** by the trial Court Judge presiding over the **'Nunc Pro Tunc'** hearing, Conducted in Applicant's absence. Is error on a magnitude that violates Applicant's due process rights, and due process of law, to hold such a hearing without Applicant being present, to afforded the opportunity to be heard, to be represented by Counsel, in accord to Applicant's due process of law...[this actual] **'Nunc Pro Tunc'** hearing in open Court where the presiding Honorable Judge [Maria T. (Terri) Jackson, 339th Judicial District Court--can Only be found on the trial Court's actual Minutes, as the District Clerk's Office Records, has omitted the trial Court's Judge Order--Granting Applicant's **Motion Reformation Aggravated Kidnapping Judgment'**. That the presiding trial Court Judge Ordered On **April 21, 2014.** As shown by the Document received By Applicant from the 339th District court, and being presented append in the 'Appendix' with other Exhibits. As also Applicant's Affidavit: On **April 21, 2014.** The trial Court Ordered specifically..."Other:<u>PLEASE ATTACHED A COPY OF THE CORRECTED JUDGMENT AND SENTENCE. ALSO, OUR RECORDS HAVE BEEN CORRECTED TO REFLECT 2ND DEGREE FELONY-AGGRAVATED KINAPPING RELEASE VICTIM IN A SAFE PLACE.</u>

(Emphasis added)

Surely the trial Court's presiding Honorable Judge Maria T. (Terri) Jackson 339th District Court recollects Her Own Order given On **April 21, 2014,** to correct Applicant's **'Judgment and Sentence'.** It being evident the Judge's Orders was not followed nor carried-out. Making the 'Nunc Pro Tunc' Order, hearing and proceeding, in violation of Applicant's due process rights, Applicant's has an expectation to be present at the

12

: 00038

hearing, to be given notice, of the hearing to be allowed to introduce evidence and to be heard, concerning Sentencing, and to be represented by Counsel, in accord to Applicant's due process of law. In that Applicant respectfully request the Court to Re-Order the Hearing and Pronouncement of Sentence. That Applicant be present at the hearing, to be given Notice, of the Hearing to be allowed to introduce evidence and to be heard, concerning the Sentenecing, and to be represented by Counsel, in accord to Applicant's due process of law.

ADDITIONALLY, THE CLERK EGREGIOUS-SELF ENTRY IN THE JUDGMENT CHANGED APPLICANT'S [SBD]-SENTENCE BEGIN DATE, AND TRANSMITTED, CHANGE TO APPLICANT'S [SBD], TO (TDCJ-ID), RECORDS. TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION--CLASSIFICATION AND CUSTODIAN OF RECORDS.

The records reflects that the Trial Court's Order was given to the Clerk in the 339th District Court [L. GUEVARA], On April 21, 2014. The Clerk, however, entered Her Own 'Entry Of Judgment Nunc Pro Tunc' which reads as follows: 1-OFFENSE FOR WHICH DEFENANT CONVICTION SHOULD READ: AGGRAVATED KIDNAPPING RELEASE VICTIM IN A SAFE PLACE (100714) 2-DEGREE OF OFFENSE SHOULD READ: 2ND DEGREE FELONY.

The records further, reflects that The Clerk: [L. Guevara], ([CHANGED APPLICANT'S])--[SBD]-SENTENCE BEGIN DATE]) to 3/12/1993. From its Original Sentence Begin date 3/"10"/1993. The date Applicant was Arrested and held in Detention On 3/"10"/1993. The Clerk: [L. Gurvara], transmitted to (TDCJ-ID), Texas Department of Criminal Justice-Institutional Division--Classification and Custodian of Records. That "[NO-CHANGE]" in Applicant's [SBD] OR [MAX DATE]...Where in Fact the records reflect the Change was made ONLY to Applicant [SBD]-Sentence Begin Date. The Change is also reflected in Applicant's Corrected Judgment the Change 3/12/1993.

13

: 00039

as to the Original Correct Judgment **[SUPERSEDED BY NUNC PRO TUNC EN-TRY DATE 4/21/14]**. Do Not reflect any such date of **3/12/1993**. Nor did the trial Court's Order authorize such a Correction Or Change. The Corrected 'Judgment Sheet and the attached Sentence Sheet at the lower life part reflect the Clerk: **[L. Guevara]** and her initial.

The Clerk: **[L. Guevara]** has NO powerand was given NO authorization. To take such actions. Regardless of whether or not any Change was made to Applicant's Time Credit. Even the power of a trial Court is limited in such situations. To impose a change in a defendant's [SBD]-Sentence Begin Date. After the a defendant's sentence has begun.

For an Example an attempt was made to cumulate sentence after the defendant has begun derving the first sentence was void. See **Ex parte Voelkel**, 517 S.W. 2d 291-93 (**Tex. App.-Corpus Christi 1984, pet**). Similarly, an attempt to resentence defendant to take an enhancement paragraph into account is void. See **Tooke V. State**, 642 **S.W.** 2d 514, 518 (**Tex. App.-Houston [14th Dist] 1982, no pet**). A defendant's sentence begin to run on the day it is pronounced. **TEX.CODE CRIM. PROC. ANN. art. 42.09, §1 (Vernon Supp. 1993)**; State V. Evans, 817 S.W. 2d 807, 808 (Tex. App.=Waco 1991), aff'd in part on other grounds, 843 S.W. 2d 576 (**Tex. Crim. App. 1992**). It is well-settled that a trial Court has authority to Order 'Nunc Pro Tunc' entries in a judgment and Sentence. See Johnson V. State, 233 **S.W.** 3d 420 (**Tex. App.-Forth Worth 2007**)(A correction can be made to reflect what actually happen at trial by entry nunc pro tunc judgment, but corrections can be as

14

: 00040

to what was done not as to what should have been done). In __Beasley V.__ __State__, 718 S.W. 2d 304, 305 (Tex. App.-[7th Dist], 1995)("Trial judge could not alter a jury verdict after it had been accepted and entered into the record, and was ordered to enter a sentence that was con-sistent with the jury's verdict"); See also __State ex rel. Latty V.__ __Owns__, 907 S.W. 2d 484, 486 (Tex.1995)("Judicial action taken after the court's jurisdiction over a case was nullity").

Therefore, Clerk: [L. Guevara] cannot make such a change in Appl-icant's [SBD]-Sentence Begin Date. This is especially true. Having No authorization to do so. The trial Court's Order was to make corrections to Applicant's **'JUDGMENT AND SENTENCE'**. And to **'ALSO, RECORDS CORRECTED TO REFLECT 2ND DEGREE FELONY-AGGRAVATED KIDNAPPING RELEASE VICTIM IN A SAFE PLACE.**

Not to make any Changes to Applicant's [SBD]-Sentence Begin Date. The trial Court with legal latitute. Did not seek to make sach a chan-ge.

The Clerk: [L. Guevara] has NO-Legal Nor Autorization to make Chan-ges to suit Her desire or intent. In regards to changes made to a de-fendant's [SBD]-Sentence Begin Date, and Time Credit. In an analogous case. In __Breacheisen V. State__, 958 S.W. 2d 490, 492 (Tex. App.-Fort **Worth 1997)**, the appellate court, said "HARM' is presumed, and in this case, it is clear." __Ibid__. It found that harm to the appellant was "de-nial of credit for the time she was in custody" in the other counties, and the loss of a windfall" which should would have from a dismissal. __id__. at 492-93. but further, held that, because the trial court granted

15

00041

the appellant credit for the time she was in custody, the appellant had been ma[d]e whole" and the error "did not contribute to the conviction or punishment. Nor did it deprive appellant of a substantial right." id. at 493...But Brecheisen, filed (PDR) (CCA), the Court of Criminal Appeals, held that, the court of appeals in its conclusion is **Wrong** on its face under either standard to reversible error in **TEX.R. APP. PROC. 44.2(a) & (b)**. Not Only did the trial Court's error in denying the motion to dismiss contribute **to the** conviction or punishment," it was essential to them. See **TEX.R. P. Rule 44.2(a)**, and it cannot be said that a defendant's substantial rights were not effected by the failure to give effect to a complete defense to prosecution. See **TEX.R. APP. Rule 44.2(b)**. Brecheisen V. State, 4 S.W. 3d 761 **(Tex. Crim. App. 1998)**, petition for discretionary review. id.

The United States Supreme Court took this view of the remedy for error that would bar retrial reversal on appeal, in another analogous case. In Struck V. United States, 412 U.S. 434, 93 S.Ct. 2260 (1973), defendant was guilty of a federal offense. When the government failed to prosecute him for ten months, he was denied the speedy trial which is required by the Sixth Amendment [The court of appeals attempted to cure the error by giving [STRUCK CREDIT] against his sentence for time during which he had been denied a speedy trial. The Supreme Court reversed, holding that the "Only possible remedy" for violation of the Sixth Amendment right to a speedy trial is a dismissal. id. at **440, 93 S.Ct. 2260**...(emphasis added).

And In State V. Kanpa, 795 S.W. 2d 36, 39 **(Tex. App.-Houston [1st**

16

: 00042

Dist], 1990)(If the district clerk's records do not reflect correctly the appellant may properly seek to have them corrected).

In this respective, Applicant respectfully requesting the Court to make the appropriate corrections. Entered egregious in Applicant's Judgment and Sentence, and thereto correct Applicant [SBD]-Sentence Begin Date. Back to its Original Date Of 3/10/1993. From the egregious entry in the Judgment and Transmitted to (TDCJ-ID), Texas Deprtment of Criminal Justice-Institutional Division--Classification and Custodian of Records. The records should properly reflect the date of the alleged offense on March 4, 1993. Applicant being found guilty by Jury On October 28, 1993. and Arrested On March 10, 1993. Being the exact date Applicant was taken into custudy and held in detention at the West University Place Police Department. Being the Arresting agency.

In these error presented. The Court should Grant Applicant's requests and Order a Hearing and Orally Pronouncement of Applicant's 'Judgment and Sentence' in Applicant's presents, to afford Applicant due process right and due process of law, that He may have the opportunity to be heard, introduce evidence, exaime any witnesses against Him, to be re-presented by Counsel.

Thus, the Court should follow the well-settled law set-out in **Vasquez**, not because the written judgment was "void", but because it violates a defendant's Constitutional Right to due process to Orally Pronouncement Sentence to him and that later without giving him an opportunity to be heard, enter a written judgment imposing a significant harsher Sentence. See Ex parteVasquez, 712 S.W. 2d 754 (**Tex. Crim. App. 1975**).

17

: 00043

## CONCLUSION OF PRAYER

WHEREFORE, PREMISES, CONSIDERED, Applicant **prays** this Honorable Court consider each and every point raised herein and act accordingly, in respect of the law, Granting these requests, considering the evidence presented and the applicabl precedent cited in propositiion above, that this Honorable Court action taken as a matter of law, and in the interest of justice.

Respectfully Submitted

*Arthur Lowe*

ARTHUR DAVID LOWE JR.
T.D.C.J.-ID#669750
HUGHES UNIT.
RT. 2. BOX 4400
GATESVILLE, TEXAS
76597

## CERTIFICATE OF SERVICE

I, Arthur David Lowe, being the [Applicant], herein hereby certify that the foregoing is a TRUE and CORRECT copy **Applicant's Applicatiom for Writ of Habeas Corpus'** pursuant to TEX.CODE CRIM. PROC. ANN. art. 11.07, §(a)(1)(Vernon Supp. 2014).That a TRUE copy has been delivered by U.S. Mail Postal Service to : COURT OF CRIMINAL APPEALS, P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711 (as the Letter accompanying this Application acknowledge to the Clerk(s) the State's Representative(s) being the District Attorney(s) Office and the Courts')) and the same being Mailed to:CHRIS DANIEL, HARRIS COUNTY, DISTRICT CLERK, P.O. BOX 4651, HOUSTON, TEXAS 77210-4651.((ALL) the Records, Documents can be verified by the Harris County, District Clerk's Office and Official Records and (TDCJ-ID), Texas Department of Criminal Justice-Institutional

18

:000044

Classification and Custodian Of Records. And the trial Court Records, Minutes the **'UNNC PRO TUNC'**. hearing I further **SWEAR** Under **PENITLY OF PERJURY,** That ALL the information, Documents can be verified as stated herein, **Application and, Form--Application.** And the same is delivered as stated indicated.

On this the ___22___ day of ___JULY___, 2014.

*arthur Lowe*

ARTHUR DAVID LOWE, Pro Se.
T.D.C.J.-ID#669750

### APPENDIX-COPIES-LISTED

1). Response to Applicant's Missive, concerning 11.07, Application for Writ Of habeas Corpus (FILED OCTOBER 15, 2013)(1-Page)

2). Applicant's Motion for Suggestion For Reconsideration: Filed In the Texas Court Of Criminal Appeals (DENIED JANUARY 14, 2014) (1 of 19, Pages).

3). Motion For Leave To File Writ Of Madamus, WR-25,679-13-(FILED IN THE COURT OF CRIMINAL APPEALS***APPLICANT'S SUPPLY TO THE COURT WITH THE WRIT NUMBER, BEING UNABLE TO PROVIDE A COPY AT THIS TIME*

4). Service Copy On Harris County, District Clerk's Office--Motion for Leave To File Writ Of Mandamus (1 of 9, Pgaes).

5). Trial Court's Order **'Nunc Pro Tunc'** Granting Applicant's Motion attached [Superseded By Nunc Pro Tunc Entry Dated 4/21/14] (1 of 3, Pgaes--that includes Judgment & Sentence].

6. The Clerk's Entry Of Judgment Nunc Pro Tunc--attached--Judgment & Sentence).

7). [Affidavit By Vanessa Jones, Chairman, Classisfication and Records attachments (1 of 7, Pages).

19

: 00045

# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

August 6, 2014

LOWE, ARTHUR DAVID
#669750 HUGHES UNIT
RT. 2. BOX 4400
GATESVILLE, TX 76597

RE: CAUSE#659156-B
339th District Court

Dear Applicant:

Your post conviction application for Writ of Habeas Corpus was received and filed on 07/29/14. Article 11.07 of the Texas code of Criminal Procedure affords the State 15 days in which to answer the application after having been served with said application. After the 15 days allowed the State to answer the application, the Court has 20 days in which it may order the designation of issues to be resolved, if any. If the Court has not entered an order designating issues to be resolved within 35 days after the State having been served with the application, the application will be forwarded to the Court of Criminal Appeals for their consideration pursuant to Article 11.07, Sec. 3(c) of the Texas Code of Criminal Procedure.

The records of this office reflect the following:

| CAUSE NO. | PETITION FOR WRIT OF HABEAS CORPUS | DISPOSITION |
|---|---|---|
| 659156-A | 12/18/13 | DENIED |

All future correspondence should indicate the above listed cause number.

Sincerely,

Erin Bryan, Deputy
Criminal Post Trial

CC: District Attorney
    Judge, Presiding Court

: 00114

Belinda Hill
Interim First Assistant



Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002-1901

# HARRIS COUNTY DISTRICT ATTORNEY
## DEVON ANDERSON

August 6, 2014

Chris Daniel, District Clerk
Harris County, Texas
1201 Franklin
Houston, Texas 77002

> Re: Ex parte <u>LOWE, ARTHUR DAVID</u>
> No. <u>659156-B</u> in the <u>339</u><sup>TH</sup>
> District Court of Harris County, Texas
> Filing date: 07/29/14

Date copy of writ delivered to District Attorney's Basket:_____08/0814_____

By: _____*ERIN G BRYAN*_____

Dear Sir:

I hereby acknowledge receipt of a copy of the above-captioned post conviction application for writ of habeas corpus, filed pursuant to Article 11.07 of the Texas Code of Criminal Procedure. Therefore, I waive service by certified mail as provided therein.

I understand that I have 15 days from the date received to answer.

Sincerely,

AUG 0 8 2014

_____
Date Received

_____
Assistant District Attorney
Harris County, Texas

: 00115

F L E D
Chris Daniel
District Clerk

AUG 13 2014

Time: _____
By _____ Deputy
Harris County, Texas

CAUSE NO. 0659156-B

EX PARTE § IN THE 339TH DISTRICT COURT

§ OF

ARTHUR DAVID LOWE,
Applicant § HARRIS COUNTY, T E X A S

## STATE'S ORIGINAL ANSWER

The State of Texas, through its Assistant District Attorney for Harris County,

files this, its original answer in the above-captioned cause, having been served with

an application for writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. ANN. art.

11.07 § 3 (West 2013), and would show the following:

I.

The applicant is confined pursuant to the judgment and sentence of the

339th District Court of Harris County, Texas, in cause number 0659156 (the

primary case), where the applicant was convicted pursuant to a guilty jury verdict

for the felony offense of aggravated kidnapping. The jury assessed punishment,

enhanced by two (2) prior felony convictions, at life confinement in the Texas

Department of Criminal Justice – Institutional Division (TDCJ—ID), formerly the

Texas Department of Corrections.

:00116

On January 19, 1995, the First Court of Appeals affirmed the applicant's appeal. *Lowe v. State*, No. 01-93-00987-CR, 1995 WL 19052 (Tex. App.—Houston [1st Dist.] Jan. 19, 1995, pet. ref'd) (mem. op., not designated for publication).

The applicant filed a previous writ application challenging his conviction, cause number 0659156-A. The Court of Criminal Appeals denied the applicant's first application on December 18, 2013.

## II.

The State denies the factual allegations made in the instant application, except those supported by official court records, and offers the following additional reply:

The applicant alleges trial court error and clerical error. *See Writ Application* at 6-7. However, this is the applicant's second writ application. As the applicant was denied of his first application in cause number 0659156-A, Section 4 of Article 11.07 then governs the filing of this application. If a subsequent writ application is filed after the final disposition of an application challenging the same conviction, the Court may not consider the merits of or grant relief based on a subsequent application unless the application contains **sufficient specific facts** establishing that:

2

: 00117

(1)    the current claims have not been and could not have been presented previously in an original or in a previously considered application because the <u>factual or legal basis for the claim was unavailable</u> on the date the applicant filed the previous application; or

(2)    by a preponderance of the evidence, but for a violation of the United States Constitution <u>no rational juror could have found the applicant guilty beyond a reasonable doubt</u>.

TEX. CRIM. PROC. CODE ANN. art. 11.07 § 4 (a) (West 2013) (emphasis added).

The instant writ application was filed after the final disposition of the applicant's prior writ application, cause number 0659156-A, challenging the same conviction. The applicant has failed to include sufficient specific facts establishing that the current claims could not have been presented previously because the factual or legal basis for the claims were unavailable; or that, by a preponderance of the evidence, no rational juror could have found the applicant guilty beyond a reasonable doubt. Therefore, the Court may not consider the merits of or grant relief based on the instant writ of habeas corpus, and the instant writ should be dismissed.

### III.

The applicant raises questions of law and fact which can be resolved by the Court of Criminal Appeals upon review of official court records and without need for an evidentiary hearing.

3

: 00118

## IV.

Service has been accomplished by sending a copy of this instrument to the following address:

> Mr. Arthur David Lowe, Jr.
> TDCJ # 669750
> Hughes Unit
> Rt 2 Box 4400
> Gatesville, Texas 76597

SIGNED this 13th day of August, 2014.

Respectfully submitted,

*Sharon Y. Chu*

Sharon Y. Chu
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
(713) 755-5240 fax
Texas Bar I.D. #24051950

4

CAUSE NO. 0659156-B

EX PARTE                                §          IN THE 339TH DISTRICT COURT

    /                                  §          OF
ARTHUR DAVID LOWE,
  Applicant                           §          HARRIS COUNTY, T E X A S

## CERTIFICATE OF COMPLIANCE UNDER TEX. R. APP. 73.1(f)

The State of Texas, through its Assistant District Attorney for Harris County,

files this, its Certificate of Compliance in the above-captioned cause, having been

served with an application for writ of habeas corpus pursuant to Tex. Crim. Proc.

Code art. 11.07 § 3. The State certifies that the number of words in the State's

Original Answer is 621.


Signed this 13th day of August, 2014.


Respectfully Submitted,

*Sharon Y. Chu.*

Sharon Y. Chu
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-6657
Texas Bar # 24051950

: 00120



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

August 14, 2014

LOWE, ARTHUR DAVID
#669750 HUGHES UNIT
RT. 2. BOX 4400
GATESVILLE, TX 76597

To Whom It May Concern:

Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, please find enclosed copies of the documents indicated below concerning the Post Conviction Writ filed in cause number 659156-B in the 339th District Court.

☒ State's Original Answer Filed August 13, 2014

☐ Affidavit

☐ Court Order Dated

☐ Respondent's Proposed Order Designating Issues and Order For Filing Affidavit.

☐ Respondent's Proposed Findings of Fact and Order

☐ Other

Sincerely,

Erin Bryan, Deputy
Criminal Post Trial


Enclosure(s) –

CAUSE NO. 0659156-B

| | | |
|---|---|---|
| EX PARTE | § | IN THE 339TH DISTRICT COURT |
| | § | OF |
| ARTHUR DAVID LOWE,<br>    Applicant | § | HARRIS COUNTY, T E X A S |

## THE STATE'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

The Court has considered the application for writ of habeas corpus, the State's answer, and the official court records in the above-captioned cause. The Court finds that there are no controverted, previously unresolved facts material to the legality of the applicant's confinement which require an evidentiary hearing and recommends that the instant writ application be dismissed because the applicant fails to include sufficient specific facts establishing that his grounds for relief could not have been presented previously because the factual or legal basis for the claim was unavailable; or that, by a preponderance of the evidence, no rational juror could have found the applicant guilty beyond a reasonable doubt. TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4(a) (West 2013).

THE CLERK IS ORDERED to prepare a transcript and transmit same to the Court of Criminal Appeals as provided by TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2013). The transcript shall include certified copies of the following documents:

1

: 00122

1. the application for writ of habeas corpus;

2. the State's answer;

3. the Court's order;

4. the indictment, judgment and sentence, and docket sheets in cause number 0659156;

5. the Court's Findings of Facts and Conclusions of Law; and

6. the State's and the applicant's proposed Findings of Fact and Conclusions of Law (if any).

The Clerk of the Court is ORDERED to send a copy of this order to the applicant, Mr. Arthur David Lowe, Jr., TDCJ # 669750, Hughes Unit, Rt 2 Box 4400, Gatesville, Texas 76597; and a copy of this order to counsel for the State, Sharon Y. Chu, Assistant District Attorney, Harris County District Attorney's Office, 1201 Franklin, Suite 600, Houston, Texas 77002.

**By the following signature, the Court adopts the State's Proposed Findings of Fact, Conclusions of Law and Order in cause number 0659156-B.**

AUG 1 8 2016

Signed this _____ day of _____, 20____.

_____
PRESIDING JUDGE

2

: 00123

CAUSE NO. 0659156-B

EX PARTE                          §            IN THE 339TH DISTRICT COURT

                                  §            OF

ARTHUR DAVID LOWE,
   Applicant                      §            HARRIS COUNTY, T E X A S


## CERTIFICATE OF SERVICE

Service has been accomplished by sending a copy of this instrument to the

following address:

> Mr. Arthur David Lowe, Jr.
> TDCJ # 669750
> Hughes Unit
> Rt 2 Box 4400
> Gatesville, Texas  76597

SIGNED this 13th day of August, 2014.

                              Respectfully submitted,



                              Sharon Y. Chu
                              Assistant District Attorney
                              Harris County, Texas
                              1201 Franklin, Suite 600
                              Houston, Texas  77002
                              (713) 755-6657
                              (713) 755-5240 fax
                              Texas Bar I.D. #24051950


3

: 00124

CAUSE NO. 0659156-B

EX PARTE § IN THE 339TH DISTRICT COURT

§ OF

ARTHUR DAVID LOWE,
  Applicant § HARRIS COUNTY, T E X A S

## CERTIFICATE OF COMPLIANCE UNDER TEX. R. APP. 73.1(f)

The State of Texas, through its Assistant District Attorney for Harris County,

files this, its Certificate of Compliance in the above-captioned cause, having been

served with an application for writ of habeas corpus pursuant to Tex. Crim. Proc.

Code art. 11.07 § 3. The State certifies that the number of words in the State's

Proposed Findings of Fact, Conclusions of Law, and Order is 441.

Signed this 13th day of August, 2014.

Respectfully Submitted,

Sharon Y. Chu
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
Texas Bar # 24051950

: 00125